**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **RICHARD DEAN** § | | **PLAINTIFF** |
| § | | |
| **v.** § | | **CAUSE NO. 1:04CV616** |
| § | | |
| **FEDERAL HOME LOAN MORTGAGE** § | | |
| **CORP. D/B/A HOMESTEPS, KIM** § | | |
| **HAYNES, LATTER & BLUM INC.** § | | |
| **REALTORS, FREDDIE MAC, VIRGINIA** § | | |
| **MCCOY, MARJORIE SCHROEDER, AND** § | | |
| **STEPHANIE MCCONNELL** § | | **DEFENDANTS** |

| | | |
|---|---|---|
| **KRISTIE AYLETT** § | | **PLAINTIFF** |
| § | | |
| **v.** § | | **CAUSE NO. 1:04CV617** |
| § | | |
| **FEDERAL HOME LOAN MORTGAGE** § | | |
| **CORP. D/B/A HOMESTEPS, KIM** § | | |
| **HAYNES, LATTER & BLUM INC.** § | | |
| **REALTORS, FREDDIE MAC, VIRGINIA** § | | |
| **MCCOY, MARJORIE SCHROEDER, AND** § | | |
| **STEPHANIE MCCONNELL** § | | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING MOTIONS
FOR SUMMARY JUDGMENT**

THE MATTERS BEFORE THE COURT in this consolidated case are motions for summary judgment filed by Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac") and Kim Haynes [76] and Defendants Latter & Blum, Inc. Realtors, Virginia McCoy, Majorie Schroeder and Stephanie McConnell [78]. The Plaintiffs have filed their responses, and the Defendants have replied. Because the Motions share a common nucleus of facts and involve consideration of similar legal concepts, the Court will examine them together. After due consideration of the submissions and the relevant law, it is the Court's opinion that the Defendants have shown that there is no question of material fact for the jury and they are entitled

to judgment as a matter of law.

DISCUSSION

**Facts:**

The Plaintiffs in this case were prospective purchasers of property owned by Defendant Freddie Mac in Vancleave, Mississippi.  The parties conducted negotiations by phone and fax, culminating in a completed "contract package" transmitted to Freddie Mac by Latter & Blum.

According to the affidavit of Plaintiff Richard Dean (Attachment 8 to docket entry 77), on January 20, 2004 the Plaintiffs submitted an offer to purchase the property through their agent, Curtis Pope of Coldwell Banker.  (Attachment 9 to docket entry 77).  Defendant Marjorie Schroeder of Latter & Blum received the offer as agent for Freddie Mac.  (Dean Aff., attachment 8 to docket entry 77).  She "verbally relayed" a counter offer, but apparently never provided it in written form.  Plaintiff Richard Dean contacted Kim Haynes of Freddie Mac in order to "arrive at a mutual understanding of the terms of the counter offer."  (Attachment 8 to docket entry 77). The counter offer was then faxed to Curtis Pope's office, where the Plaintiffs received it.  Plaintiffs then created a document entitled "Acceptance of Counter Offer" and signed it on February 6, 2004.  (Attachment 11 to docket entry 77).

A "contract package" was relayed to Freddie Mac, and on February 18, 2004, Defendant Kim Haynes reviewed the documents and signed them on behalf of Freddie Mac.  Curtis Pope received copies of the signed contract documents from Marjorie Schroeder on February 19, 2004, and Plaintiffs went ahead with obtaining a termite inspection of the property.  The contract package contained a form called "Addendum 1," which the Plaintiffs deny signing.   They contend that "Latter & Blum, while acting as the agent for Freddie Mac, forged or caused to be forged an addendum, which if valid, would have altered the Plaintiffs' contract to purchase real

estate from the Defendant, Freddie Mac." (Memo in Supp. of Pl. Resp. to Latter & Blum Def. Mtn for Summ. Judg. (docket entry 84), pgs. 3-4).

The termite inspection revealed an active termite infestation. Plaintiffs were advised that Freddie Mac would not undertake any repairs, because the terms of Addendum 1 relieved it from any duty to do so. Plaintiffs allege it is at this point they first became aware of the existence of Addendum 1 and informed Freddie Mac that their signatures on it had been forged. A representative of Freddie Mac negotiated a price reduction to $60,700 and later closing date with the Plaintiffs. (Attachment 4 to docket entry 80). The amendment also provided: "All other terms to remain the same. Property sold as-is." *Id*. According to a Freddie Mac representative, this lower price was conditioned on the Plaintiffs signing the Addendum 1. (Attachment 19 to docket entry 77). The Plaintiffs "declined to execute [the Addendum 1] when asked to do so by Freddie Mac." (Attachment 8 to docket entry 77). Freddie Mac refused to close the transaction, leading to this suit seeking specific performance of the contract, as well as damages for fraud and misrepresentation.

**<u>Breach of Contract:</u>**

At the heart of this case is the question of whether Freddie Mac and the Plaintiffs created a contract. "Whether a contract exists involves both questions of fact - such as the intent of the parties - and questions of law - such as whether, the facts as found constitute a contract. *Merritt-Campbell, Inc. v. RxP Products, Inc*., 164 F.3d 957, 961 (5th Cir. 1999). For all of the disagreement about who said what, when, the Plaintiffs' allegation is that they submitted an offer without an Addendum 1. Given the opportunity to sign the Addendum 1, Plaintiffs refused to do so. It is undisputed that Freddie Mac signed and accepted an offer that contained an Addendum 1. The Court need go no further to conclude that no contract was formed here. Mississippi

requires that parties to a contract first come to an agreement, or "meeting of the minds," on the essential elements of the contract in order for it to be enforceable. *Fradella v. Seaberry*, 2006 WL 924037, *2 (Miss.App. 2006), citing *Hunt v. Davis*, 45 So.2d 350, 352 (1950). The Mississippi Supreme Court has stated :

> The elementary general rule ...is that the contract must be specific and distinct in its terms, plain and definite in its meaning, and must show with certainty that the minds of the parties had met and mutually agreed as to all its details upon the offer made upon the one hand, and accepted upon the other. If any of these requisites be lacking, specific performance will not be decreed by a court of equity.

*Phelps v. Dana* 83 So. 745, 746 (Miss. 1920) (quoting *Welsh v. Williams*, 37 So. 561 (Miss. 1904)).

In this case, Freddie Mac accepted an "as is" offer, but Plaintiffs deny that they ever made such an offer. After the parties negotiated further, Plaintiffs would not purchase the property "as is" and sign the Addendum 1 which Freddie Mac required. Under these circumstances, it is clear that there was no mutual agreement as to the terms of this contract as a matter of law.

The Plaintiffs also contend that Freddie Mac did not exercise reasonable care when it failed to notice that the Addendum 1 had been forged. Plaintiffs assert that the signatures on the Addendum 1 are an "obvious" forgery. Further, Plaintiffs contend that there is "probative evidence indicating that Freddie Mac's own agent is responsible for the forgery," (Docket entry no. 83, pg. 11), thereby subjecting Freddie Mac to liability. This evidence is two documents in the Latter & Blum file which show Plaintiffs' signatures traced over numerous times in various colors of ink, the original with "deep indentations showing that significant pressure was applied." (Docket entry no. 83, pg. 5). Marjorie McCoy of Latter & Blum testified that only she and her assistant had access to Plaintiffs' file, (Attachment 8 to docket entry 80, pg. 115), from which Plaintiffs infer that McCoy must have forged their signatures on Addendum 1.

However, even if the signatures were forged, Plaintiffs cannot show that they were injured thereby.  Had Freddie Mac suspected that Plaintiffs' signatures on Addendum 1 were not authentic and requested authentic signatures, the parties would have ended up in the same position as they are in today; Plaintiffs unequivocally state that they had many objections to the language in Addendum 1 and would not sign it.  (*See* attachment 13 to docket entry 77, pgs. 95-108).  Once again, although Plaintiffs might like to enforce an agreement they wished to make, there is no evidence that the agreement was actually made.  Summary Judgment is therefore appropriate as to the Plaintiffs' claim of breach of contract and request for specific performance.

**Unjust Enrichment:**

Plaintiffs assert that the Defendants have been unjustly enriched by 1) their $500 earnest money deposit and 2) the value of the inspection conducted at Plaintiffs' expense.  The doctrine of unjust enrichment applies when there is no legal contract, but the person sought to be charged is in possession of money or property that in good conscience and justice he should not retain but deliver to another.  *Hans v. Hans*, 482 So.2d 1117, 1122 (Miss. 1986).  A person is unjustly enriched when he receives a benefit which is unjust for him to retain.  *Cockerham v. Kerr-McGhee Chemical Corp*, 23 F.3d 101, 107 (5th Cir. 1994).

The Defendants have provided evidence that (i) Plaintiff's own offer required the earnest money deposit, (ii) Plaintiff's own realtor, Curtis Pope, held the deposit at all times, (iii) Freddie Mac requested that Pope refund the deposit when negotiations were terminated, and (iv) Plaintiff refused to accept a refund of the deposit.  (*See* Attachment 3 to docket entry 77, pg. 7; Attachment 16 to docket entry 77, pgs. 35-36; Attachment 17 to docket entry 77, pgs. 96-97).  Defendants' evidence is undisputed by the Plaintiffs, and shows that no Defendant received a benefit from Plaintiffs' earnest money deposit which has been unjustly retained.  Furthermore,

Freddie Mac asserts that it cannot have been unjustly enriched by use of the termite report because Plaintiff's own purchase offer required Plaintiffs to furnish a copy of the termite report to Freddie Mac, and Plaintiffs did so voluntarily.  *See Hans*, 482 So.2d at 1123.  Defendants are therefore entitled to judgment as a matter of law as to Plaintiffs' claims of unjust enrichment.

**Misrepresentation:**

Plaintiffs make claims of fraudulent and negligent misrepresentation, alleging that the Defendants entered into a written contract promising to treat and repair termite damage at the property and to close the sale transaction within 30 days, with the intention of not performing when these alleged promises were made.  Clearly, Plaintiffs' claims of misrepresentation are predicated on a valid, enforceable contract, which has not been shown to exist in this case.  These claims therefore fail as a matter of law.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Defendants have shown that they are entitled to judgment as a matter of law as to each of the Plaintiffs' claims against them.  The motions for summary judgment filed by Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac") and Kim Haynes [76] and Defendants Latter & Blum, Inc. Realtors, Virginia McCoy, Majorie Schroeder and Stephanie McConnell [78] are **GRANTED**.  Plaintiffs' claims against the Defendants are **DISMISSED WITH PREJUDICE**, each party to bear its own costs.

**SO ORDERED AND ADJUDGED** this the 20th day of December, 2006.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE
